IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GERALD L. BRADLEY, | § |
| | § |
| VS. | §   CIVIL ACTION NO.4:11-CV-234-Y |
| | § |
| RICK THALER, | § |
| Director, T.D.C.J. | § |
| Correctional Institutions Div. | § |

ORDER DENYING SECOND MOTION FOR EXTENSION,
ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Gerald L. Bradley under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 30, 2012; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 23.[1]

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

The second motion for extension of time to file supplemental objections to the findings, conclusions and recommendation (doc.

---

[1] Bradley's objections were filed within the extended time provided by the Court upon the granting, on February 15, of a motion for extension. Bradley has now filed another motion for extension of time to file supplemental objections. But as the Court already granted Bradley one extension of time, and as he has not recited in this latest motion any specific objections that he was unable to timely present, the Court concludes that the second motion for extension of time should be denied.

24) is DENIED.

Petitioner Gerald Bradley's petition for writ of habeas corpus is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Bradley has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the January 30, 2012, Findings, Conclusions, and Recommendation of the United States

---

[2] *See* Fed. R. App. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

2

Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED March 7, 2012.

　　　　　　　　　　　　　　　　　/s/ Terry R. Means
　　　　　　　　　　　　　　　　　TERRY R. MEANS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[6]*See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

3